TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-05-00106-CV






Daneshjou Company, Inc. and M.B. "Benny" Daneshjou, Appellants


v.


Sandra Bullock; John W. Bullock, Trustee of Band-Aid Trust; David Shrum; Loma

Excavation; Michael Hood; Felipe Hernandez; LOC Consultants; Austin Fine

Floors; Austin Air Conditioning; Robert Bellamy Designs; DMS Trading;

Perfect Lawns of Austin; Pfister Plumbing; QSI Custom Cabinets;

Eddie Taush; Trim Ron; King's Contracting; Raymond

Sandoval; and Wilberto Montiel, Appellees







FROM THE DISTRICT COURT OF 126TH COUNTY, TRAVIS JUDICIAL DISTRICT

NO. GN101929, HONORABLE PAUL DAVIS, JUDGE PRESIDING





O R D E R




 This order addresses an agreed motion to dismiss with respect to certain parties and
appellants' motions for severance.

 This appeal involves several parties, multiple claims and counterclaims among those
parties, several partial summary judgments, dismissals, some severances of parties, and a post-trial
final judgment. Robert Bellamy Designs ("RBD") and DMS Trading ("DMS") were among the
parties whose motions for summary judgment or dismissal were granted before final judgment,
although neither party was severed from the original cause. The district court rendered judgment on
November 18, 2004. In February 2005, appellants filed their notice of appeal. They sent copies of
the notice to David Shrum, Loma Excavation, LOC Consultants, and the Bullock appellees, Sandra
Bullock and John W. Bullock, Trustee of Band-Aid Trust. (1) On September 30, 2005, appellees filed
an amended notice of appeal that they certify was sent to the recipients of the original notice of
appeal and several other parties, including RBD and DMS. In this order, we will use the term "new
appellees" in reference to Loma Excavation, LOC Consultants, and the parties who were sent the
amended notice of appeal but not the original notice of appeal. (2)

 Appellants have filed several motions that collectively seek to create different
appellate courses for three groups of appellees--the Bullock appellees, the new appellees, and
Shrum. Some appellees agree with some of the motions, some are unopposed, others disagree, and
others have not responded.


The Bullock appellees

 Appellants and the Bullock appellees have filed a motion announcing that they have
settled their disputes in this case. We grant their motion to dismiss this appeal as it concerns issues
involving the Bullock appellees. We are not persuaded, however, that severing the portion of the
appeal concerning the Bullock appellees into a separate cause of action is necessary. Accordingly,
we deny their request that we sever this portion of the appeal into a separate appellate cause.


The new appellees and Shrum

 Appellants also seek to have the portion of this appeal concerning the new appellees
severed into a new appellate cause, leaving the appeal of issues relating to Shrum pending in this
appellate cause. RBD and DMS have filed motions asking that we strike the amended notice of
appeal as untimely. We will address the notice of appeal issues first.

 Both RBD and DMS argue that we must strike appellants' amended notice of appeal
as untimely. Between June and August 2004, the district court granted summary judgment to RBD
and partial summary judgments and a dismissal of claims against DMS. No appeal was taken before
the final judgment was rendered on November 18, 2004. RBD and DMS argue that appellants were
required to file a notice of appeal no later than 90 days after the final judgment. RBD was not named
in or served with the notice of appeal filed in February 2005, but was served with notice of the
amended notice of appeal filed in September 2005. RBD contends that service of this notice was
too late to trigger jurisdiction over an appeal of the judgment favoring RBD.

 The absence of a notice of appeal after the preliminary summary judgments and
dismissal is immaterial because the claims involving RBD and DMS were not severed and remained
part of the case through final judgment. Therefore, the judgment and dismissal in RBD's and DMS's
favor were interlocutory and not appealable. See Tex. Civ. Prac. & Rem. Code Ann. §§ 51.012
(West 1997) & .014 (West Supp. 2005). The fact that RBD and DMS were not named as appellees
in the original notice of appeal is not dispositive because appellants are not required to name
appellees in their notices of appeal. See Tex. R. App. P. 25.1(d). Although appellants are required
to serve the notice of appeal on all parties to the final judgment, id. 25.1(e), appellants also are
permitted to amend their notices of appeal to correct a "defect or omission in an earlier filed notice"
at any time before appellant's brief is filed, and thereafter on leave of court. Id. 25.1(f). The
amended notice is subject to being struck for cause on motion of "any party affected by the amended
notice." Id.

 We are not persuaded to strike the amended notice of appeal. Appellants had the right
to file an amended notice of appeal and did so. RBD and DMS argue that the amendment is
untimely, but the only time limit for filing an amendment is the filing of the appellants' brief--and
even that is not an absolute deadline. See id. 25.1(f). While appellants should have given notice to
the new appellees in the original notice, we are cited to no authority that the penalty is waiver of the
right to appeal. Appellants timely appealed the judgment. RBD and DMS have not shown that the
lateness of the notice has impinged their ability to defend against the appeal or otherwise. We deny
RBD's and DMS's motions to strike the amended notice of appeal.

 Appellants also move to sever their appeal of the portion of judgment concerning
appellees other than the Bullocks and Shrum into a separate appellate cause and to extend time to
file their brief in that new appellate cause. We deny the motion to sever, but will permit appellants
to file a brief devoted to issues concerning the remaining appellees in this cause. This new brief is
due February 3, 2006. Subsequent briefs on these issues will be due according to the standard
briefing schedule based on the date the appellants' brief is filed. See Tex. R. App. P. 38.6.

 It is ordered December 22, 2005.



 

 G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

1. Although John W. Bullock also appears in some pleadings as trustee of Vito Pietanza,
trustee of Band-Aid Trust, he did not file the motion to dismiss in this capacity. John Bullock was
sued personally and as trustee of Pietanza, but filed counterclaims only as trustee of Band-Aid Trust. 


 It appears that his trustee capacities merged before the trial court rendered judgment. John
Bullock alleged in his original answer and counterclaim that he had replaced Pietanza as trustee of
Band-Aid Trust with respect to all issues relating to the real property which is the subject of this suit. 
Although the judgment uses Pietanza in its style, the body of the judgment recites that John Bullock
appeared as trustee of Band-Aid Trust without reference to Pietanza and grants relief to John Bullock
merely as "trustee." References to John Bullock as trustee in this order shall encompass his role as
trustee of Band-Aid Trust and any residual trustee capacity for Pietanza.
2. The "new appellees" include Loma Excavation, Michael Hood, Felipe Hernandez, LOC
Consultants, Austin Fine Floors, Austin Air Conditioning, Robert Bellamy Designs, DMS Trading,
Perfect Lawns of Austin, Pfister Plumbing, QSI Custom Cabinets, Eddie Taush, Trim Ron, King's
Contracting, Raymond Sandoval, and Wilberto Montiel.